UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JUAN SILVA JR. ET AL.      §
     §
v.      §      CIVIL ACTION NO. 1:13-cv-00247
     §
DEGS WIND I, LLC, ET AL.      §
     §

### DEFENDANTS DEGS WIND I, LLC AND DUKE ENERGY CORPORATION'S MOTION FOR RECONSIDERATION OF REMAND ORDER AND FOR LEAVE TO FILE AMENDED NOTICE OF REMOVAL

Defendants DEGS Wind I, LLC (now known as Duke Energy Renewables Wind, LLC) and Duke Energy Corporation (improperly named as "Duke Energy") (hereinafter the "Duke Defendants") hereby file this Motion For Reconsideration of Remand Order and for Leave to File Amended Notice of Removal. In support, the Duke Defendants present the following:

### I.  SUMMARY OF ARGUMENT

The Duke Defendants respectfully request that the Court vacate its remand order, Dkt. No. 28, and grant leave to amend the Notice of Removal to cure the perceived deficiency in the Duke Defendants' pleading of the citizenship of certain of the Defendants. The evidence establishes that all Defendants in this suit are citizens of different states than Plaintiffs and that the amount in controversy for each individual plaintiff exceeds $75,000, exclusive of interest and costs. Where jurisdiction exists, but the citizenship of the parties has merely been inartfully pleaded, the Fifth Circuit has held that a *sua sponte* order of remand is impermissible. *In re Allstate* 8 F.3d 219, 222-23 (5th

Cir. 1991). According to the Fifth Circuit, Congress has authorized a remand on this non-jurisdictional ground only when *a party* files a motion to remand within 30 days of the date of removal. In this case, Plaintiffs have never moved to remand, have never challenged the adequacy of the Duke Defendants' jurisdictional allegations, and do not dispute that the parties in this case are, in fact, diverse.

Because the Court's remand order exceeds its authority as set forth in binding Fifth Circuit precedent, the Duke Defendants respectfully request that the Court reconsider and vacate that order. Moreover, because the procedural defect the Court identified in the Notice of Removal can be cured by amendment, the Duke Defendants respectfully request that the Court grant leave to file the attached Amended Notice of Removal, which sets forth expressly the citizenship of each party. In *Allstate* and other cases, the Fifth Circuit has held that amendment is the appropriate resolution to inadequately pleaded allegations of the citizenship of the parties. Congress has gone so far as to specifically instruct that defects in jurisdictional allegations can be cured by amendment even post-judgment and on appeal. 28 U.S.C. § 1653. No doubt, this strong federal policy in favor of amendment stems from the "often acknowledged" principle "that federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) (collecting cases). Because there is no valid reason for denying amendment in this case, the motion for leave to amend should be granted, and the case should proceed in federal court.

## II.  BACKGROUND

This is an alleged private nuisance and personal injury action involving 61 individual plaintiffs who claim to have sustained significant monetary damages based on the proximity of their homes to wind farms in Willacy County, Texas.  On November 27, 2013, Plaintiffs commenced Cause No. 2013-CV-0463-A in the District Court of Willacy County, Texas against the Duke Defendants; E-ON Climate & Renewables North America, LLC (improperly named as "E-ON Climate & Renewables North America, Inc.") EC&R Development, LLC (improperly named as "EC&R Development LLC") and Magic Valley Wind Project, I, LLC (improperly named as "Magic Valley Wind Project") (hereinafter "the EON Defendants"); and individuals Milton R. Howard and Heather Otten.[1]

On December 27, 2013, the Duke Defendants removed this case from the 197th District Court of Willacy County, Texas to this Court on the basis of complete diversity of citizenship pursuant to 28 U.S.C. §1441(a).  Dkt. No. 2; *see also* Dkt. No. 1, Consent to Notice of Removal; Dkt. No. 8, Supplement to Notice of Removal.  Plaintiffs have never challenged the property of the Duke Defendants' removal and did not file a motion to remand.  However, on February 11, 2014, 46 days after the Notice of Removal was filed, this Court *sua sponte* ordered the Duke Defendants to "show the basis for the Court's subject-matter jurisdiction" within 21 days.  Dkt. No. 18, Order at 3.

---

[1] Plaintiffs have dismissed their claims against Howard and Otten.  *See* Dkt. No. 24; *see also* Dkt. No. 25.

The Duke Defendants understood this Order to raise only an issue regarding the jurisdictional amount in controversy.  Thus, on February 28, 2014, the Duke Defendants filed a response to that Order, attaching a stipulation negotiated with Plaintiffs confirming that "each plaintiff individually seeks compensatory damages in excess of $75,000 in this action."  Dkt. No. 19 & Exhibit 1.  Thereafter, consistent with their belief that they had satisfied the Court's jurisdictional concern, the parties held a Rule 26(f) conference on March 20, 2014, and submitted a Joint Agreed Discovery and Case Management Plan on March 26, 2014.  *See* Dkt. No. 26.  In that document, all parties confirmed that jurisdiction was based on diversity of citizenship and that no party disputed the existence of that jurisdiction.  *See id* at 2-3.

On April 2, 2014, this Court *sua sponte* remanded this case to state court citing as its reason the Duke Defendants' failure to allege the citizenship of those defendants that were organized as limited liability companies, for purposes of determining whether or not diversity of citizenship existed.  *See* Dkt. No. 28 ("Remand Order").

### III.  ARGUMENT AND AUTHORITIES

**A.**   **This Court's Jurisdiction Is Undisputed and Incontrovertible.**

This Court has subject matter jurisdiction over this litigation under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Plaintiffs are all citizens of the State of Texas.  Defendants are all citizens of States other than Texas.  In particular, as explained in the proposed Amended Notice of Removal, and the affidavits attached thereto (*see* Exhibit 1, Amended Notice of Removal at ¶¶ 26-27 & Exhs. H, K):

- Defendant Duke Energy Corporation (improperly sued as "Duke Energy") is a corporation. As such, it is a citizen of its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). At all times from the time the suit was filed to the present, Duke Energy Corporation was incorporated in Delaware and maintained its principal place of business in North Carolina. *See* Exh. H, at ¶¶ 3, 4. ***Thus, for diversity purposes, from the commencement of this lawsuit continuously through the present day, Defendant Duke Energy Corporation has been a citizen solely of the*** <u>***State of Delaware***</u> ***and the*** <u>***State of North Carolina***</u>***.***

- Defendant DEGS Wind I, LLC, which has been renamed "Duke Energy Renewables Wind, LLC" is a limited liability company. As such, its citizenship is determined by the citizenship of its members. *See, e.g.*, *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 n.6 (5th Cir. 2009) (citation omitted). At all times from the time the suit was filed to the present, the sole member of Duke Energy Renewables Wind, LLC has been Duke Energy Renewables, Inc. (formerly known as Duke Energy Generation Services Holding Company, Inc.). Duke Energy Renewables Wind, LLC is (and has been since this suit was filed) a Delaware corporation with its principal place of business in North Carolina. *See* Exh. H, at ¶¶ 3, 5-6. ***Thus, for diversity purposes, from the commencement of the lawsuit continuously through the present day, Defendant DEGS Wind I, LLC (n/k/a Duke Energy Renewables Wind, LLC) has been a citizen solely of the*** <u>***State of Delaware***</u> ***and the*** <u>***State of North Carolina***</u>***.***

- Defendant E-ON Climate & Renewables North America, LLC (improperly sued as "E-ON Climate & Renewables North America, Inc.") is a limited liability company. As such, its citizenship is determined by the citizenship of its members. *See, e.g.*, *Mullins*, 564 F.3d at 398 n.6. At all times from the time the suit was filed to the present, the sole member of E-ON Climate & Renewables North America, LLC has been E.ON US Corporation. E.ON US Corporation is (and has been since this suit was filed) a Delaware corporation with its principal place of business in Delaware. Exh. K, at ¶¶ 2, 5. ***Thus, for diversity purposes, from the commencement of the lawsuit continuously through the present day, Defendant E-ON Climate & Renewables North America, LLC has been a citizen solely of the*** <u>***State of Delaware***</u>***.***

- Defendant EC&R Development, LLC (improperly sued as "EC&R Development LLC") is a limited liability company. As such, its citizenship is determined by the citizenship of its members. *See, e.g.*, *Mullins*, 564 F.3d at 398 n.6. At all times from the time the suit was filed to the present, the sole member of EC&R Development, LLC has been Defendant E.ON Climate & Renewables North America, LLC. As noted above, Defendant

E.ON Climate & Renewables North America, LLC is a citizen solely of the State of Delaware.  Exh. K, at ¶¶ 2, 6.  ***Thus, for diversity purposes, from the commencement of the lawsuit continuously through the present day, Defendant EC&R Development, LLC has been a citizen solely of the <u>State of Delaware.</u>***

- Defendant Magic Valley Wind Farm I, LLC (improperly sued as "Magic Valley Wind Project") is a limited liability company.  As such, its citizenship is determined by the citizenship of its members.  *See, e.g.*, *Mullins*, 564 F.3d at 398 n.6.  At all times from the time the suit was filed to the present, the only members of Magic Valley Wind Farm I, LLC have been: (1) JP Morgan Capital Corporation; (2) Wells Fargo Wind Holdings, LLC; (3) Antrim Corporation; and (4) EC&R Investco Management II, LLC.  Exh. K, at ¶¶ 2, 7.  The citizenship of each of these members of Defendant Magic Valley Wind Farm I, LLC is as follows:

  o JP Morgan Capital Corporation is (and has been since this suit was filed) a Delaware corporation with its principal place of business in Illinois.  Exh. K, at ¶¶ 2, 7(a).  ***Thus, for diversity purposes, from the commencement of the lawsuit continuously through the present day, Defendant Magic Valley Wind Farm I, LLC has been (by virtue of the membership interest held by JP Morgan Capital Corporation) a citizen of the <u>State of Delaware</u> and the <u>State of Illinois</u>.***

  o Wells Fargo Wind Holdings, LLC is a limited liability company.  As such, its citizenship is determined by the citizenship of its members.  *See, e.g.*, *Mullins*, 564 F.3d at 398 n.6.  At all times from the time the suit was filed to the present, the sole member of Wells Fargo Wind Holdings, LLC has been Wells Fargo Central Pacific Holdings, Inc.  Wells Fargo Central Pacific Holdings, Inc. is (and has been since this suit was filed) a California corporation, with its principal place of business in California.  Exh. K, at ¶¶ 2, 7(b).  ***Thus, for diversity purposes, from the commencement of the lawsuit continuously through the present day, Defendant Magic Valley Wind Farm I, LLC has been (by virtue of the membership interest held by Wells Fargo Wind Holdings, LLC) a citizen of the <u>State of California</u>.***

  o Antrim Corporation is a Massachusetts corporation with its principal place of business in Massachusetts.  Exh. K, at ¶¶ 2, 7(c).  ***Thus, for diversity purposes, from the commencement of the lawsuit continuously through the present day, Defendant Magic Valley Wind Farm I, LLC has been (by virtue of the membership interest***

> **held by Antrim Corporation) a citizen of the <u>State of Massachusetts</u>.**
>
> o EC&R Investco Management II, LLC is a limited liability company. As such, its citizenship is determined by the citizenship of its members. *See, e.g.*, *Mullins*, 564 F.3d at 398 n.6. At all times from the time the suit was filed to the present, the sole member of EC&R Investco Management II, LLC has been Defendant E.ON Climate & Renewables North America, LLC. As noted above, Defendant E.ON Climate & Renewables North America, LLC is a citizen solely of the State of Delaware. Exh. K, at ¶¶ 2, 7(d). **Thus, for diversity purposes, from the commencement of the lawsuit continuously through the present day, Defendant Magic Valley Wind Farm I, LLC has been (by virtue of the membership interest held by EC&R Investco Management II, LLC) a citizen of the <u>State of Delaware</u>.**

Thus, the proposed Amended Notice of Removal and attached affidavits conclusively demonstrate that, as Defendants alleged in their original Notice of Removal, "[t]here is complete diversity of citizenship between Plaintiffs and the properly-joined Defendants."[2] Dkt. No. 2, at ¶ 29. Moreover, Plaintiffs executed a stipulation confirming that "each Plaintiff individually seeks compensatory damages in excess of $75,000 in this action." *See* Dkt. No. 19, at Exhibit, Stipulation of Jurisdictional Facts (filed Feb. 28, 2014).

In sum, while the Court noted in its Remand Order that Defendants "have done nothing to enable the Court to evaluate the citizenship of all of the parties including the LLC's named as defendants," Dkt. No. 28, Remand Order at 5, the attached affidavits establish beyond any doubt that there is, and at all relevant times has been, complete

---

[2] At the time of removal, Plaintiffs had named Milton R. Howard and Heather Otten as additional defendants. Defendants argued in the original Notice of Removal that the citizenship of Howard and Otten could be disregarded because they were improperly joined in the action. *See* Dkt. No. 2, Notice of Removal ¶¶ 36-46. As noted above, Plaintiffs subsequently stipulated to dismissal of Howard and Otten from this suit. *See* Dkt. No. 24 (Mar. 5, 2014).

diversity of the parties.  Plaintiffs are citizens of Texas.  Defendants are citizens of Delaware, North Carolina, Illinois, California, and Massachusetts.  This Court has clear and undisputed subject matter jurisdiction over this dispute.

**B.**     **The Court's *Sua Sponte* Remand for Failure to Adequately Allege in the Notice of Removal the Underlying Facts Supporting Diversity Jurisdiction Contravenes Fifth Circuit Precedent.**

Congress has divided a court's authority to remand a removed case into two categories:  (1) remands based on grounds other than lack of subject matter jurisdiction, when raised by a motion to remand filed within 30 days of removal, and (2) remands based on an affirmative finding that the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  Under binding Fifth Circuit precedent, the Court's remand order in this case constitutes a non-jurisdictional ground for remand, which is authorized only when made by motion of a party, within 30 days of removal.  Because the Court's remand order was issued *sua sponte*, and more than 30 days after removal, the order exceeded the Court's authority under § 1447(c).

**1.**     **The Failure to Allege Citizenship of the Parties in the Notice of Removal is a Non-Jurisdictional, Procedural Defect.**

According to the Fifth Circuit, "'any defect that does not go to the question of whether the case originally could have been brought in federal district court'" is a non-jurisdictional defect in removal procedure.[3]  *In re Allstate* 8 F.3d 219, 221 (*quoting Baris*

---

[3] Prior to 1996, § 1447(c) referred to remands based on "defects in removal procedure" and remands based on a lack of subject matter jurisdiction.  In 1996, the statute was amended, and the reference to "defects in removal procedure" was changed to refer to "any defect other than lack of subject matter jurisdiction."  Any ground for remand that constituted a "defect in removal procedure" under the prior version of the statute, by definition, falls within the language of the current statute as a "defect other than lack of subject matter jurisdiction."  Indeed, appellate

*v. Sulpico Lines*, 932 F.2d 1540, 1544 (5th Cir. 1991)); *see also In re Shell Oil Co.*, 932 F.2d 1518, 1522 (5th Cir. 1991) ("'[A]ny defect in removal procedure' includes all non-jurisdictional defects existing at the time of removal."). Thus, the Fifth Circuit has held that inadequate or insufficient allegations of the citizenship of the parties in a notice of removal based on diversity jurisdiction is not a jurisdictional defect; it is a procedural defect. *Allstate*, 8 F.3d at 221.[4]

In *Allstate*, the district court had remanded the case to the state court on the basis that Allstate failed to adequately allege the plaintiff's citizenship in its notice of removal. *Allstate*, 8 F.3d at 220. On appeal, the Fifth Circuit reasoned that "Allstate's failure to allege, in its notice of removal, the plaintiff's citizenship at the time the original petition was filed constitutes a procedural, rather than jurisdictional, defect." *Id*. at 221.

Similarly, in *Corporate Management Advisors*, the defendants removed the case based on diversity jurisdiction pursuant to 28 U.S.C. § 1332, but the defendant's notice of removal alleged only the residency of one of the parties, instead of his citizenship. *Corporate Mgt. Advisors*, 561 F.3d at 1295. Because residency does not establish "citizenship" for diversity purposes, the district court *sua sponte* remanded the case to state court, stating that the remand was pursuant to §1447(c) for lack of subject matter jurisdiction. *Id*. at 1295-96. Notwithstanding the district court's characterization of its

---

courts continue to refer to "defects in removal procedure" as a shorthand for non-jurisdictional grounds for remand. *See, e.g., Corporate Mgt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1295 (11th Cir. 2009) ("This appeal raises the following issue: whether the failure to allege facts sufficient to establish subject matter jurisdiction in a notice of removal is a defect in the removal procedure. We conclude that it is. . . .").

order, the Eleventh Circuit held that "the failure to establish a party's citizenship at the time of filing the removal notice is a 'procedural, rather than jurisdictional, defect. . . .'" *Id.* at 1296-97 (*quoting In re Allstate*, 8 F.3d at 221).

The decisions in *Allstate* and *Corporate Management Advisors* conclusively establish that this Court's remand order was based on a perceived procedural defect in Duke's Notice of Removal, and not an actual lack of subject matter jurisdiction.  As explained above and in the proposed Amended Notice of Removal and attached affidavits, there is no question that complete diversity exists in this case.  *See* Exh. 1, Amended Notice at ¶¶ 24-29 & Exhs. H, K, L.  Plaintiffs are citizens of Texas. *Id.* at ¶ 25. Defendants are citizens of Delaware, North Carolina, Illinois, California, and Massachusetts.  *Id.* at ¶¶ 26-29 & Exhs. H, K.  Moreover, each individual plaintiff seeks in excess of $75,000 in damages, exclusive of interest and costs, for his or her claims.  *Id.* at ¶¶ 15-23 & Exh. L.

As was the case in *Allstate*, therefore, "although [Defendants] failed conclusively to **demonstrate** diversity, the record discloses no dispute that it in fact **existed**."  8 F.3d at 221 (emphasis in original).  Indeed, the Court's remand order here, like the order at issue in *Allstate*, does not purport to make a determination that diversity is in fact lacking.  To the contrary, the Court faults Defendants for making "conclusory allegations of the LLC's citizenship" and for failing "to enable the Court to evaluate the citizenship of all of the parties including the LLC's named as defendants."  Dkt. No. 28, Remand Order at

---

[4] Other circuit courts have agreed.  *See, e.g.*, *Corporate Mgt. Advisors*, 561 F.3d at 1296 ("[W]e conclude that the failure to establish a party's citizenship at the time of filing the removal notice

5; *see also id.* at 6 (noting a failure to "allege the citizenship of EC&R Development, LLC").

Thus, the Court's remand order is a remand based on a non-jurisdictional defect in removal procedure, namely, that Defendants did not sufficiently allege the citizenship of certain Defendants to enable the Court to determine one way or the other whether, in fact, there was complete diversity between the parties.

### 2. Section 1447(c) Requires Defects in Removal Procedure to Be Raised by Motion of a Party Within 30 Days.

Congress has imposed two limitations on non-jurisdictional remands like the one entered by the Court here.  First, remands on non-jurisdictional grounds can only be ordered when they are raised by a motion of a party.  Second, remands on non-jurisdictional grounds can only be ordered when the contesting party filed the motion within 30 days of the filing of the Notice of Removal.  Neither condition exists in this case.

Once again, *Allstate* is the controlling decision in the Fifth Circuit.  The court first reiterated its prior holding "that the district court had no authority to remand on its own motion after the expiration of the thirty-day limit" for filing a motion to remand on non-jurisdictional grounds.  *See Allstate*, 8 F.3d at 222 (citing *FDIC v. Loyd*, 955 F.2d 316, 318 (5th Cir. 1992) (granting petition for writ of mandamus overturning remand order)).  The court went on to hold that remand orders were improper, even if entered within the 30-day window after removal, if they were entered by the district court on its own

---

is a 'procedural, rather than jurisdictional, defect. . . .'") (quoting *Allstate*, 8 F.3d at 221).

initiative, without a motion by a party.  The language of § 1447(c) stating that "'[a] motion to remand the case . . . must be made'" for non-jurisdictional remands, "implies that only a party to the case may initiate it."  *Id.* at 223 (quoting 28 U.S.C. § 1447(c)) (alterations in original).  The Fifth Circuit's conclusion is worth quoting in full:

> [W]e are persuaded that the better reading [of § 1447(c)] ***precludes the existence of discretion in the district court to remand for procedural defects on its own motion***.  Section 1447(c)'s second sentence assigns to the court concern for its jurisdictional prerequisites; the first consigns procedural formalities to the care of the parties.  We believe this to be a wise and warranted distribution.
>
> Where a removed plaintiff, by its inaction, has acquiesced in federal jurisdiction, for example, it hardly will do for a court *sua sponte* to interfere with the parties' apparent choice of forum.  In such circumstances, where subject matter jurisdiction exists and any procedural shortcomings may be cured by resort to § 1653, ***we can surmise no valid reason for the court to decline the exercise of jurisdiction***.

*Id.* at 223 (emphasis added).  The court bluntly concluded that it could "discern no basis, in either the language of the amended statute or in policy, for conferring upon the district courts discretion *sua sponte* to remand for purely procedural defects."  *Id.*

### 3.   A Remand on Non-Jurisdictional Grounds That Is Entered *Sua Sponte* and More Than 30 Days After Removal Is not Authorized by § 1447(c) and Is an Abuse of Discretion.

Respectfully, Defendants submit that the Court's remand order in this case exceeded its discretion as circumscribed by the Fifth Circuit in *Allstate*.  First, there is no dispute that the remand order was entered well after the expiration of the 30-day time period prescribed by § 1447(c) for non-jurisdictional defects.  The Notice of Removal was filed on December 27, 2013.  *See* Dkt. No. 2.  The 30-day period ran, at the latest, on Monday, January 27, 2014.  The Remand Order, however, was not entered until April 2,

2014, and even the order first raising the issue of the basis for diversity jurisdiction was not entered until February 11, 2014.  *See* Dkt. No. 28; Dkt. No. 18.  Because the asserted procedural defect in Defendants' Notice of Removal was not raised on or before January 27, 2014, it cannot be the basis for a remand order under § 1447(c).  *See Loyd*, 955 F.2d at 322 (holding that all remands for procedural defects under § 1447(c), whether initiated by a party or by the court, are "preclude[ed] . . . after the expiration of the thirty-day remand period specified by § 1447(c)"); *see also Allstate*, 8 F.3d at 222 (explaining that *Loyd* held "that the district court had **no authority** to remand on its own motion after the expiration of the thirty-day limit") (emphasis added).

Second, non-jurisdictional grounds can only serve as a basis for remand when raised on motion **by the parties**; district courts lack the authority to remand cases on such grounds *sua sponte*.  This is the unequivocal holding of *Allstate*, specifically in the context of a failure by the removing party to adequately allege the citizenship of the parties.  *See Allstate*, 8 F.3d at 223; *see also Corporate Mgt. Advisors*, 561 F.3d at 1297-98 (reversing *sua sponte* remand order for failure to allege citizenship of the parties and "direct[ing] the district court to permit [the removing party] leave to amend its notice of removal, pursuant to 28 U.S.C. § 1653"); *Sherman v. Gulf Pride Marine Servs., Inc.*, 191 B.R. 328, 331 (E.D. La. 1996) (holding that court lacked authority *sua sponte* to remand case for defect in removal procedure).  Plaintiffs in this case did not file a motion to remand and have never disputed the existence of diversity jurisdiction.  To the contrary, Plaintiffs provided a signed stipulation attesting to the requisite amount in controversy, in an effort to clarify what the parties understood to be the basis for the Court's February

11, 2014 order.   And Plaintiffs confirmed they had no objection to subject matter jurisdiction in the Joint Agreed Discovery and Case Management Plan.   *See* Dkt. No. 26, at 2-3.   Plaintiffs' acquiescence to jurisdiction here, where diversity of citizenship uncontrovertibly exists, makes the Court's remand order impermissible under *Allstate*.

**C.     Fifth Circuit Authority Expressly Authorizes Reconsideration of *Sua Sponte* Remand Orders Based on the Failure to Adequately Allege the Citizenship of the Parties.**

There is no doubt that the Court has the authority to reconsider its remand order in this case.   While the generic proposition that "remand orders are not reviewable" is often stated, the Supreme Court has made clear that "only remands based on grounds specified in §1447(c) are immune from review under §1447(d)."   *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995).

The caselaw is unequivocal that non-jurisdictional remand orders entered outside of the 30-day time period set forth in § 1447(c), as well as non-jurisdictional remand orders entered *sua sponte*, are outside of the bounds of § 1447(c), and thus are not immunized by § 1447(d).   In *Allstate*, the Fifth Circuit held that "the district court acted without statutory authority when it *sua sponte* remanded the case on procedural grounds. Consequently, § 1447(d) poses no bar to our review."   *Allstate*, 8 F.3d at 221; *see also Corporate Mgt. Advisors*, 561 F.3d at 1296-97 (same); *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 198 (same).   Likewise, remand orders based on procedural defects raised outside of the 30-day time period are not subject to § 1447(d)'s limitations. *See In re Digicon Marine, Inc.*, 966 F.2d 158, 160 (5th Cir. 1992) (vacating district court's denial of motion for reconsideration and remand order, when motion to remand

was made after 30-day period expired); *Shell Oil*, 932 F.2d at 1520; *Air-Shields, Inc. v. Fullam*, 891 F.2d 63, 66 (3d Cir. 1989).

In situations like this one, where § 1447(d) is inapplicable, the Fifth Circuit has expressly stated that the district court has the authority to reconsider an improper remand order. As the court explained, "[w]here an exception to non-reviewability exists, 'an appellate court has jurisdiction to review the remand order, and a district court has jurisdiction to review its own order, and vacate or reinstate that order.'" *In re Shell Oil Co.*, 932 F.2d 1523, 1528 (5th Cir. 1991) (quoting *In re Shell Oil Co.*, 631 F.2d 1156, 1158 (5th Cir. 1980)); *see also Sherman*, 191 B.R. at 330-331 (finding authority to reconsider remand order, granting motion for reconsideration, and vacating prior improper remand order). The Duke Defendants respectfully request that this Court reconsider and vacate its unauthorized Remand Order.

## D. Congress' Directive to Liberally Permit Amendments to Jurisdictional Allegations—Even Post-Judgment, and Even on Appeal—Requires Granting Duke's Motion to Amend its Notice of Removal in this Case.

### 1. Section 1653 Strongly Favors Amendment of Defective Jurisdictional Allegations.

Where, as here, remand is based on a perceived defect in the pleading of jurisdictional allegations, the proper resolution is amendment of the pleading, not remand. *See, e.g.*, *Corporate Mgt. Advisors*, 561 F.3d at 1298 (holding that the district court improperly remanded a case on jurisdictional grounds when faced with a defective allegation of citizenship of the parties and directing the district court to grant defendants leave to amend its notice of removal pursuant to 28 U.S.C. § 1653). Indeed, Congress

has specifically instructed courts to be *especially* liberal in allowing parties to amend pleadings to cure defective jurisdictional allegations.  Section 1653 of the Judicial Code states that "[d]effective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  As the Fifth Circuit has explained, there is "no valid reason" to decline to exercise jurisdiction, where subject matter jurisdiction exists and the procedural defects can be cured under § 1653.  *Allstate*, 8 F.3d at 223.

While the Court's remand order here focused on the limited nature of federal subject matter jurisdiction, *see* Dkt. No. 28, Order at 2-3, the courts of appeals have emphasized § 1653's clear command that the *pleading* of jurisdictional facts should not impede the exercise of jurisdiction that undeniably exists.  The DC Circuit put it succinctly, in an opinion joined by now-Justice Scalia:

> Section 1653's liberal amendment rule permits a party who has not proved, *or even alleged*, that diversity exists to amend his pleadings *even as late as on appeal*.  If the amended allegations are not contested, and nothing appears to the appellate court that would bar jurisdiction, jurisdiction is deemed proper, despite the plaintiff's usual burden of alleging and proving jurisdiction.
>
> This lenient approach to unchallenged amendments alleging diversity— taking them as true despite the strictly limited nature of all federal jurisdiction—follows from the general approach to pleading diversity adopted by the federal courts.

*Dist. of Columbia ex rel. Am. Combustion, Inc. v. Transamerica Ins. Co.*, 797 F.2d 1041, 1044 (D.C. Cir. 1986) (emphasis added); *see also Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 (9th Cir. 2002) ("Here, it is undisputed that complete diversity of citizenship actually existed.  Thus, pursuant to § 1653, we order the pleadings amended, *nunc pro tunc*, to correct the defective allegations concerning the proper diversity of parties."); *Barrow*

*Development Co. v. Fulton Ins. Co.*, 418 F.2d 316, 318 (9th Cir. 1969) (granting motion for leave to amend on appeal to allege citizenship of parties in removed case, pursuant to § 1653).

The Fifth Circuit has repeatedly embraced the right to amend jurisdictional allegations of citizenship that are perceived to be inadequate, rejecting the harsh sanction of denying a defendant its right to a federal forum.  In *Allstate*, for instance, the court noted that averments regarding the plaintiff's ***residency*** in plaintiff's original petition enclosed by Allstate with its notice of removal, were not conclusive proof of ***citizenship***. *Allstate*, 8 F.3d at 221 n.4.  However, the *Allstate* court explained that "any qualms the district court may have had concerning the distinction between the two are best addressed by allowing Allstate to amend the removal petition to cure the defect under 28 U.S.C. §1653."  *Id.*; *see also D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146-47 (5th Cir. 1979) (endorsing district court's ruling denying motion to remand and permitting the removing party to amend allegations of citizenship to establish diversity jurisdiction).

Similarly, in *Corporate Management Advisors*, the defendant's notice of removal alleged only the residency of one of the parties, instead of his citizenship.  *Corporate Management Advisors*, 561 F.3d at 1295.  The district court rebuffed the defendants' proposed amended notice of removal, but the Eleventh Circuit reversed.  According to the court of appeals, "the district court erred by remanding [the] case on jurisdictional grounds when faced solely with a procedural defect in the removal process . . . ,"  and

directed the district court to grant defendants leave to amend its notice of removal, pursuant to 28 U.S.C. §1653.

### 2.     No Basis for Denying Amendment Exists in this Case.

There is little case law describing the appropriate standard by which a court should evaluate a request for leave to amend under § 1653, presumably since it is so routinely granted.  But if one looks to the well-developed body of law governing amendments to pleadings generally under Federal Rule of Civil Procedure 15, it is apparent that leave to amend is appropriate here.  As the Supreme Court long ago explained:

> It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities.  The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Foman v. Davis*, 371 U.S. 178, 181-82 (1962).  Thus, the Fifth Circuit has held that leave to amend should ordinarily be granted, unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party."  *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981); *see also Foman*, 371 U.S. at 182 (identifying those factors and stating that, in their absence, "the leave sought should, as the rules require, be 'freely given'") (quoting Fed. R. Civ. P. 15(a)).  Most importantly, "the touchstone of the inquiry under rule 15(a) is whether the proposed amendment would unfairly prejudice the defense by denying the defendants notice of the nature of the complaint."  *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997).

None of these factors are present here.  There is **no** prejudice to Plaintiffs in allowing the amendment, much less **undue** prejudice.  After all, plaintiffs have effectively conceded federal jurisdiction by their actions described above, and in fact waived any objection, even if they had one, by failing to raise the alleged defect in the pleadings within the 30-day time period prescribed by § 1447(c).

Nor is there any undue delay, bad faith, or dilatory motive in this case.  The Duke Defendants had nothing to gain by not pleading the citizenship of the parties; there was no strategic benefit or "laying behind the log."  Indeed, far from delaying proceedings, Plaintiffs and Defendants both wanted the case to move forward in federal court prior to this remand order.  This mutual desire was evidenced both by Plaintiffs' decision not to move to remand the case, as well as by the cooperation between Plaintiffs and Defendants in stipulating to the amount in controversy, in an effort to satisfy what the parties understood to be the Court's concerns about the basis for jurisdiction.  As the Fifth Circuit has noted, "[i]nstances abound in which appellate courts on review have required that leave to amend be granted after dismissal or entry of judgment."  *Dussouy*, 660 F.2d at 598.  In fact, the Supreme Court's decision in *Foman* mandated that an amendment be permitted after dismissal, "even though it changed the theory of the case." *Id.* (citing *Foman*, 371 U.S. at 179).  Here, where the proposed amendment changes nothing about the merits of the case, alters no legal theories, defenses, or causes of action, but merely addresses the Court's concerns by clarifying the basis for the Court's underlying, undisputed subject matter jurisdiction, there is no basis for a finding of undue delay, bad faith, or dilatory motive.

Finally, this is not a case involving "repeated failures to cure deficiencies by amendments previously allowed." *Id.* The Duke Defendants acknowledge, of course, that the Court's order on February 11, 2014 ordered them "to show the basis for the Court's subject matter jurisdiction in this case." Dkt. No. 18, Order at 3. Rightly or wrongly, however, the Duke Defendants understood the Court's jurisdictional concern to be directed at whether the Notice of Removal adequately established the amount in controversy. The Duke Defendants failed to appreciate that the Court was also concerned about the adequacy of the allegations of the citizenship of the parties.

There is no doubt that the Duke Defendants' misunderstanding of the scope of the February 11 Order was inadvertent and unintentional. After all, the Duke Defendants diligently addressed the amount in controversy issue, conferred with counsel for Plaintiffs, and negotiated an agreed stipulation that definitively resolved that aspect of the Court's jurisdiction. Plaintiffs apparently were similarly mistaken, based on their failure to identify any objection to jurisdiction in the Agreed Joint Discovery and Case Management Plan. *See* Dkt. No. 26, at 2-3. As noted above, there was nothing to be gained from refraining to similarly confirm the parties' citizenship. The existence of diversity is indisputable, as the proposed Amended Notice of Removal and attached affidavits demonstrate. *See* Exh. 1. The one and only reason these affidavits were not attached to the prior stipulation is because the Duke Defendants misunderstood the full concerns expressed in the Court's February 11 Order.[5]

---

[5] Thus, this is not a case where Defendants have affirmatively refused to amend their jurisdictional allegations, and made the decision to stand on the sufficiency of the existing

In *Dussouy*, the Fifth Circuit had the opportunity to specifically consider whether it was permissible to deny leave to amend a second time, and concluded it was not. As the court noted, "[a]lthough Dussouy did fail to cure the deficiencies in his original complaint with his first amendment, his second amendment solved the problem." *Dussouy*, 660 F.2d at 599. Similarly here, the proposed amendment cures any question of whether the court has subject matter jurisdiction.

## IV.  CONCLUSION

The Duke Defendants respectfully request that this Court reconsider and vacate its Remand Order. Further, the Duke Defendants move for leave to file the Amended Notice of Removal of this action from the District Court of Willacy County, Texas, to this Court, pursuant to 28 U.S.C. § 1653 and Fed. R. Civ. P. 15, and for all other relief to which the Duke Defendants are justly entitled.

Respectfully submitted,


By /s/ Stephen C. Dillard
    Stephen C. Dillard
    State Bar No. 05868000
    Federal I.D. No. 1067
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
(713) 651-5151 – Telephone
(713) 651-5246 – Facsimile

---

allegations. *See McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (denying leave to amend on appeal when plaintiff refused to amend when given the opportunity after dismissal, failed to offer to amend in a motion to vacate, and continued to assert in the appellate court "that the clearly defective allegation of diversity jurisdiction is without error").

**ATTORNEY-IN-CHARGE FOR DEFENDANTS**
DEGS Wind I, LLC and Duke Energy Corp.

OF COUNSEL:

Laura A. Sutton
State Bar No. 24072379
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
(713) 651-5151 – Telephone
(713) 651-5246 – Facsimile

## CERTIFICATE OF CONFERENCE

Laura Sutton, attorney for the Duke Defendants, has conferred with Narciso

Aleman, attorney for Plaintiffs, regarding the instant Motion.  The parties have been

unable to reach an agreement at this time.

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rule 5 of the Federal Rules of Civil

Procedure on this the 30th day of April, 2014.

Narciso L. Aleman
Casa Las Americas Immigration Solutions
217 South Cage Avenue
Pharr, Texas 78577
Tel:  956-787-1263
Fax:  956-787-1352
Nlaleman513@gmail.com
*Attorney for Plaintiffs*

John T. Cox III
Texas Bar No. 240903722
Jeremy A. Fielding
Texas Bar No. 24040895
LYNN TILLOTSON PINKER &COX, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Tel: 214.981.3800
Fax: 214.981.3839
Email: tcox@lynnllp.com
jfielding@lynnllp.com
***Attorneys for E-ON Defendants***

/s/ Laura A. Sutton
Laura A. Sutton